FILED
2017 Oct-12  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **TERRANCE WITT, SCOTT CARPENTER, and JACOB CROWDER,** | § § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION NO.** |
| **v.** | § § § | _____ |
| **GESTAMP ALABAMA LLC, and GESTAMP NORTH AMERICA, INC.,** | § § § § | **JURY TRIAL** |
| **Defendants.** | § | |

## COMPLAINT

**COMES NOW** the Plaintiffs, Terrance Witt, Scott Carpenter, and Jacob Crowder, (hereinafter "Plaintiffs"), by and through the undersigned, and hereby files this lawsuit against Gestamp Alabama LLC and Gestamp North America, Inc., (hereinafter "Gestamp" or "Defendant(s)"), pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") claiming unpaid wages based on the following:

## PARTIES

1)    Plaintiff, Terrance Witt, resides in Birmingham, Jefferson County, Alabama.

2)     Plaintiff, Scott Carpenter, resides in Hoover, Jefferson County, Alabama.

3)     Plaintiff, Jacob Crowder, resides in McCalla, Jefferson County, Alabama

4)     Defendant Gestamp Alabama LLC maintains its principle place of business at 2701 Troy Center Drive, Ste. 150, Troy Michigan 48084 and its registered agent, CT Corp. System, resides at 2 North Jackson St., Ste. 605, Montgomery Alabama 36104.

5)     Defendant Gestamp North America, Inc. maintains its principle place of business at 7151 Jefferson Metropolitan Parkway, McCalla Alabama 35111, and its registered agent, CT Corp. System, resides at 2 North Jackson St., Ste. 605, Montgomery Alabama 36104.

## JURISDICTION AND VENUE

6)     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

7)     Defendants are subject to personal jurisdiction in the State of Alabama for purposes of this lawsuit due to their repeated contacts with businesses in other states, including its own operations, via the

2

instrumentalities of commerce and placement of goods in interstate commerce.

8)      At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

## STATEMENT OF FACTS

9)      Gestamp represents that it operates internationally and that it is dedicated to the design, development and manufacture of metal automotive components.

10)     Gestamp's McCalla Alabama facility sends 90% of its production to the Mercedes-Benz plant in Vance, Alabama.

11)     Gestamp's facility runs both 8 hour and 12 hour shifts.

12)     At all times material to this action, Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder were employed by the defendants at their manufacturing facility in McCalla, Alabama.

13)     Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder worked for the defendants during the two and three year periods preceding the filing of this complaint.

3

14)    This action is brought pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, to obtain equitable and injunctive relief and to remedy Gestamp's violations of the wage provisions of the FLSA.  As a result of these violations, Gestamp has deprived Plaintiffs of their lawful minimum and/or overtime wages.

15)    For at least three years prior to filing this Complaint, Gestamp has required its Process Engineers, including Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder, to work over forty (40) hours in a week for a fixed salaried amount and no additional compensation for overtime hours worked.

16)    During this period of time, Plaintiffs routinely worked in excess of 40 hours a week, and under their most current supervisor, Plaintiffs normal workweek consisted of 50 to 60 hours of work, and sometimes as high as 65 hours of work.

17)    Plaintiffs Witt, Carpenter, and Crowder work six to seven days a week.  Plaintiffs Witt and Crowder have worked in the past nearly 3 weeks straight with no time off.

18)    Defendants' Process Engineers, including Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder, spend the vast majority of their time

4

working alongside hourly paid maintenance employees, or in their stead, performing the same and or similar tasks as hourly paid employees, such as:

> (a) Process Engineers are often called to repair equipment in lieu of, or in conjunction with hourly paid maintenance employees;
>
> (b) Like hourly paid maintenance employees, Process Engineers troubleshoot equipment issues;
>
> (c) Like hourly paid maintenance employees, Process Engineers repair broken equipment;
>
> (d) Like hourly paid quality control employees, Process Engineers inspect the quality of parts prior to shipment

19)   In their work, Plaintiffs' discretion and independent judgment with regard to matters of significance, is or was significantly restricted by company policy and/or their supervisor.

20)   Plaintiffs' job duties were not administrative or clerical in nature, but instead required hands on laborious work.

21)   There are 10-15 maintenance employees and of those individuals, only one has an engineering degree. Maintenance employees start making around $25 per hour, and top out at $33+ per hour, but they also

receive overtime compensation.  Some hourly paid maintenance employees earn upwards of $100,000 per year with their overtime compensation, which is significantly more than Plaintiffs' salaried compensation.

22)   Gestamp's hourly paid maintenance employees are not required to possess any type of advanced degree or knowledge normally obtained through specialized and prolonged intellectual instruction.

23)   Accordingly, due to the similarity in the jobs of process engineers compared to the jobs of maintenance employees, Plaintiff Witt's and Plaintiff Carpenter's primary job duties also do not require the performance of work requiring advanced knowledge of a type customarily acquired by prolonged specialized intellectual instruction.

24)   29 CFR § 541.301(d) states the best *prima facia* evidence that an employee satisfies the criteria for exemption as a professional, is his or her possession of the appropriate academic degree.  Examples of covered professionals often include pharmacists, lawyers, doctors, and the like.

The regulation goes on to state that the term "customarily" used within the language of the exemption does not make the exemption unavailable to those who attained the advanced knowledge through a <u>combination of work experience and intellectual instruction</u>.

6

25)   For purposes of this litigation, the knowledge required to accomplish the work performed by Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder was attainable through on-the-job work experience only, with no additional prolonged intellectual course instruction.

26)   This bears out in Gestamp's own job advertisements and job descriptions, which evidence that individuals are eligible to work as a Process Engineer if they have seven years of on-the-job experience and training.

27)   Consistent with this fact, a number of Gestamp's Process Engineers at the McCalla location do not, or did not, hold an engineering degree.

28)   For example, Plaintiff Scott Carpenter holds a degree in mathematics.  Former process engineer Chris Colburn held no advanced degree.  Similarly, former process engineer Ron Riddell held no advanced degree.

29)   Nonetheless, Gestamp claimed the professional exemption for Plaintiff Witt, Plaintiff Carpenter, Plaintiff Crowder and his similarly situated co-workers.

30)   As such, Gestamp intentionally misclassified Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder as overtime exempt.

7

31)     Plaintiffs seek unpaid overtime compensation, an equal amount as liquidated damages, plus attorneys' fees, and costs, pursuant to 29 U.S.C. §216(b).

32)     At all times relevant to this action, Defendants were an "employer" of Plaintiffs as defined by § 203(d) of the FLSA.

33)     At all times material to this action, Plaintiffs were an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and they worked for Defendants within the United States within three years preceding the filing of this lawsuit.

34)     The FLSA provisions set forth in §§ 206 and 207, respectively, apply to Defendants' non-exempt employees, including Plaintiffs.

35)     As additional evidence that Gestamp intentionally failed and/or refused to pay Plaintiffs according to the provisions of the FLSA, Plaintiffs point to the fact that Plaintiff Whitt advised human resources that he believed he was eligible for overtime compensation.  Despite this notice, Defendants made no change to his or other currently employed process engineers' compensation.

36)     After his complaints though, Defendants started paying newly hired process engineers on an hourly basis, i.e. Amber Pike.

8

42) Gestamp did not pay Plaintiff Witt, Plaintiff Carpenter, or Plaintiff Crowder overtime compensation for work performed in excess of 40 hours in any week.

43) Defendants' withheld Plaintiff Witt's final paycheck, in whole or in part, and, thus, he was not paid for all hours he worked during the last workweek he was employed. Defendants' failure to compensate Plaintiff Witt for this time constitutes a minimum wage violation and in addition to unpaid overtime compensation, Plaintiff Witt seeks the minimum wages he is owed for that work, plus liquidated damages.

44) Lastly, Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, finding that Defendants' actions misclassifying its Process Engineers, as described in this complaint, are unlawful and in violation of the FLSA, regardless of the location of any facility within the United States or United States territories.

**WHEREFORE**, Plaintiff Witt, Plaintiff Carpenter, and Plaintiff Crowder pray for the following relief:

A.    Plaintiffs be awarded damages in the amount of their respective unpaid compensation (overtime and/or minimum wages), plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest if no liquidated damages are awarded;

10

B.     Award Plaintiffs reasonable attorneys' fees, including the costs and expenses of this action;

C.     Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendants' actions, as described in the complaint, are unlawful and in violation of the FLSA and applicable regulations, regardless of a facility's location within the United States or United States territories;

D.     Such other legal and equitable relief to which they may be entitled; and,

Dated:  October 12, 2017                    Respectfully submitted,

ROBERT J. CAMP
rcamp@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC**
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500 – Phone
(205) 314-0539 – Fax

And,

OF COUNSEL:
**Nettles Han Law, LLC**
Susan Han
susan@nettleshanlaw.com
2100 First Avenue North
Suite 600
Birmingham, AL  35203
(205) 328-9445

**Johnston Law Firm, P.C.**

11

Brice Johnston
brice@johnstonfirmpc.com
2100 First Avenue North
Suite 600
Birmingham, AL  35203
(205) 328-9445

***Attorneys for Plaintiffs***